# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO, FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF FLORIDA *ex rel.* OMNI HEALTHCARE, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO: 6:19-cv-02237-RBD |
| v. | ) ) ) | |
| HEALTH FIRST, INC.; HEALTH FIRST MEDICAL GROUP, LLC; STEVEN JOHNSON; JOSEPH FELKNER; DREW RECTOR; LEONARD GRECUL; MARK MENDOLLA; THOMAS SWAIN; STEVEN KARAS; ENRIQUE POLANCO; JOSEPH McCLURE; LEE SCHEINBART; SIMON VINARSKY; MATTHEW GERELL; AMIT BAROCHIA; ROBERT SPRAWLS; ASISH DELAL; JOHN BOMALASKI; GERMAINE BLAINE; FIRAS MUWALA; RITESH PATIL; MARK MENDOLLA; STEVEN KARAS; GRAINGER STEELE LANNEAU; JAMES NEEEL; and JEFFREY STALNAKER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## RELATOR'S MOTION FOR RECONSIDERATION
## AND REQUEST FOR TEMPORARY STAY OF CASE

Relator Omni Healthcare, Inc. ("Omni") moves the Court for reconsideration of its granting of Defendants' Motions to Dismiss (DE 70) and,

additionally, for a stay of this case (including the deadline to file an amended complaint) for the reasons outlined herein.

### A. The Court Should Reconsider Its Ruling And Deny Defendants' Motions To Dismiss

This Court has observed that there are "three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Batchelor v. Geico Cas. Co.,* No. 6:11-cv-1071-Orl-37GJK, 2013 U.S. Dist. LEXIS 188367, at *3 (M.D. Fla. Sep. 12, 2013) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994). The decision to grant to such relief, however, is "committed to the sound discretion of the judge." *Fisher v. Whitlock*, No. 6:17-cv-574-Orl-37TBS, 2018 U.S. Dist. LEXIS 226753, at *2 (M.D. Fla. Aug. 27, 2018) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Relator moves for reconsideration on the third reconsideration ground, to prevent clear error in the application of the 9(b) standard to Relator's *qui tam* claims and to mitigate the manifest injustice that will occur to future *qui tams* that are not brought by the senior executive relators.

The Court, in essence, has ruled that Relator cannot survive -- even at the motion to dismiss phase -- if it cannot establish in detail, with specific examples, precisely "how" Defendants are presently implementing the compensation

2

agreements alleged in the Second Amended Complaint ("SAC") with fraudulent intent. (DE 70 at 11-13).

In the Court's Order, the Court states that Relator did not specifically designate which doctors were overpaid for their referrals, and further states that the allegations do not connect the compensation strategies with the number of referrals. However, Relator did this in paragraphs 67-116 of the Second Amended Complaint ("SAC").

Relator specifically demonstrated in the SAC that the doctors who were named were overpaid for their referrals and that the compensation strategy that was identified was based on the value and volume of the referrals. This was demonstrated in the form of tables and examples. The allegations regarding the doctors' contracts were specific with specific examples, and Relator alleged how Health First and the Health First Medical Group paid for referrals, thus satisfying FRCP 9(b).

Relator alleged that oncologists were paid based on the volume of chemotherapy that they administered. More importantly, the fact that Health First received, Relator alleges, unlawful kick-backs from its drug distributor (paragraph 68 of the SAC) caused every oncology drug claim filed by Health First to be a false claim. (Paragraphs 161-165 of the SAC). The Court states that Relator did not allege when this occurred, but clearly the complaint alleges violations of the False Claims Act from 2017 to present and these are listed in detail.

The Court asks *whether* the identified patients were referred.  Clearly, all of these patients were referred, and all of these claims are alleged to be improper kickbacks, as described in paragraphs 163-164 of the SAC.  Said another way, these claims were provided because they were all claims billed by Health First entities, to include the Health First Medical Group or Health First Hospitals, as stated in paragraphs 108-116 of the SAC.  This list more than sufficiently alleges a false claim, and more than satisfies FRCP 9(b).

In sum, Relator adequately alleged the "how".  As argued in opposition to the Motions to Dismiss, Relator provided a detailed description of the fraudulent scheme.  Relator provided an extremely detailed spreadsheet containing thousands of claim examples.  Those claims provide literally every data point that could be imagined, including the who, what where, when, and how of billing to the Centers for Medicare and Medicaid Services ("CMS"): 1) who the referring doctor was, 2) who the treating doctor was, 3) which entity billed, 4) what was billed, 5) when it was billed, 6) how it was billed, 7) what payment CMS made  - the complete billing cycle end to end.  Since every claim submitted by Defendants is *de jure* false (as  Relator's allegations must be taken as true at this stage) under the Stark Law and Anti-Kickback Statutes, Relator need not provide more than the several thousand very detailed example claims attached to the SAC. *See United States v. Lee Mem'l Health Sys.*, No. 2:14-cv-437-FtM-38CM, 2019 U.S. Dist. LEXIS 35783, *5 (M.D. Fla. Mar. 6, 2019); *United States ex rel. Schaengold v. Mem'l Health, Inc.*, No. 4:11-cv-58, 2014 U.S. Dist. LEXIS 174977, *3 (S.D. Ga. Dec. 18, 2014).

4

Second, for a relator to meet the arduous standard set forth by the Court it would be necessary to plead, with specificity, what is happening in the state of mind of the executives of the entity defendants and exactly how they knowingly implemented the fraudulent scheme. This standard far exceeds any applicable Eleventh Circuit law and would severely narrow the list of potential whistleblowers to a mere handful of very senior, inside individuals who themselves would likely be perpetrators of the fraud itself. The mental state of defendants may be pled generally, even under FRCP 9(b). *See United States v. Genicare Med. Supply, Inc.,* (S.D. Ala. 2000). Relator has already provided detailed factual allegations based on the personal knowledge of insiders including Health First physicians – that should be enough.

Third, the Court did not consider the "indicia of reliability" prong because it argues that Relator is not an insider employee or former employee. While nothing under the law draws such a distinction, <u>Relator **is** an insider</u>. Relator is an entity whose sources of information include both former and current employees of the entity defendants, several of whom are also currently employed by Relator. As the Court is aware, Relator has deep personal knowledge of the fraud alleged in the SAC, bolstered by the personal knowledge of insiders of which Omni is also one. *United States ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1229 (11th Cir. 2012); *United States ex rel. Mastej v. Health Mgmt. Assocs., Inc.,* 591 F. App'x 693, 707 (11th Cir. 2014); *Hill v. Morehouse Med. Assocs., Inc.,* No. 02–14429, 2003 U.S. App. LEXIS 27956, *3, *5 (11th Cir. Aug. 15, 2003).

The Court should therefore reconsider its decision and deny Defendants' Motions to Dismiss.

WHEREFORE, Relator requests that the Court reconsider its decision and deny Defendants' Motions to Dismiss.

## **LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), undersigned counsel for Relator certifies in good faith that it conferred with Defendants' counsel and Defendants oppose the relief Relator requests in this motion.

Dated:  February 3, 2021                                Respectfully submitted,

*/s/ David L. Scher*
David L. Scher, Esq.
(*admitted pro hac vice*)
DC Bar No. 474664
Hoyer Law Group, PLLC
1300 I Street N.W., Suite 400E
Washington, DC  20005
Tel: (202) 975-4994 ▪ Fax: (813) 375-3710
Email: dave@hoyerlawgroup.com

Sean Estes
Florida Bar No. 0055770
sean@hoyerlawgroup.com
Jesse L. Hoyer
Florida Bar No. 076934
jesse@hoyerlawgroup.com
HOYER LAW GROUP, PLLC
2801 West Busch Blvd., Suite 200
Tampa, FL 33618
Tel: (813) 375-3700 ▪ Fax: (813) 375-3712

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by CM/ECF on February 3, 2021, on all counsel or parties of record.

*/s/ David L. Scher*
David L. Scher