# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA
and STATE OF FLORIDA *ex rel.*
OMNI HEALTHCARE, INC.,

        Plaintiffs

v.                                                           CASE NO: 6:19-cv-02237-RBD

HEALTH FIRST, INC.; HEALTH FIRST
MEDICAL GROUP, LLC; STEVEN JOHNSON;
JOSEPH FELKNER; DREW RECTOR;
LEONARD GRECUL; MARK MENDOLLA;
THOMAS SWAIN; STEVEN KARAS;
ENRIQUE POLANCO; JOSEPH McCLURE;
LEE SCHEINBART; SIMON VINARSKY;
MATTHEW GERRELL; AMIT BAROCHIA;
RICHARD SPRAWLS; ASISH DALAL;
JOHN BOMALASKI; GERMAINE BLAINE;
FIRAS MUWALLA; RITESH PATIL;
GRAINGER STEELE LANNEAU;
JAMES NEEL; and JEFFREY STALNAKER,

        Defendants.

_____/

## DEFENDANTS' MOTION TO STRIKE RELATOR OMNI HEALTHCARE, INC.'S RESPONSE TO DEFENDANTS' RESPONSE ON THE HOYER LAW GROUP'S MOTION TO WITHDRAW

    Defendants Health First, Inc. and Health First Medical Group, LLC (collectively "Health

First"), together with the Executive Defendants,[1] the Cardiologist Defendants,[2] and the Oncologist

---

[1]    The Executive Defendants are Defendants Steven Johnson, Joseph Felker, Drew Rector, Jeffrey Stalnaker, and Matthew Gerrell.

[2]    The Cardiologist Defendants are Leonard Grecul, Mark Mendolla, Thomas Swain, Steven Karas, and Enrique Palanco.

Defendants[3] (collectively "Defendants") move to strike Relator Omni Healthcare, Inc.'s Response to Defendants' Response on the Hoyer Law Group's Motion to Withdraw because it violates Local Rule 3.01 in multiple ways and, in the alternative, to deny Omni's requested extension of time because no good cause exists for the requested extension.  (Doc. 82)

Procedurally, the filing is improper on its face. Styled a "Response to Defendants' Repsonse [*sic*] on the Hoyer Law Group's Motion to Withdraw," the filing is tantamount to an unauthorized Reply filed without leave of Court in violation of Local Rule 3.01(d).  In the event the Court construes the "Response" as a motion, it lacks a Local Rule 3.01(g) certification, and there was no conference with Defendants' counsel in any event. *See* Doc. 63 at 6 ("The Court will strictly enforce the Good Faith Conference and Certification Requirements.  Failure to satisfy the Duty to Confer provides sufficient grounds for denial of a non-exempt motion and imposition of sanctions.  Further, the Court will strike any non-exempt motion that is filed without a compliant Certification.").[4]

---

[3]     The Oncologist Defendants are Joseph McClure, Lee Scheinbart, Simon Vinarsky, Firas Muwalla, Grainger Steele Lanneau, Ritesh Patil, James Neel, Richard "Duff" Sprawls, John Bomalaski, Amit Barochia, Germaine Blaine, and Ashish Dalal.

[4]     The Court's Case Management and Scheduling Order requires that "the moving party shall engage in a substantive conversation with the opposing party – ***in person or by telephone*** – . . . . The duty to confer is not satisfied by mere correspondence . . . ."  (Doc. 63 at 6) (emphasis in original)  No such conference occurred here.  Instead, at 4:57 p.m., Monday, February 22, 2021, Marcos E. Hasbun, counsel for Health First, received a voicemail message from attorney Deborah Winegard from Whatley Kallas, LLP seeking Defendants' position on Omni's request to have until March 1, 2021 to file a third amended complaint.  At 5:20 p.m., Ms. Winegard followed up with an email to counsel for all Defendants reiterating that request.  Before counsel for the Defendants had an opportunity to confer with each other and provide their position on the extension request, Omni filed its "Response" at 6:40 p.m.  This morning, at 11:00 am, Health First counsel conferred with Ms. Winegard to advise Defendants opposed the requested extension, and to request that Omni's "Response" be withdrawn as a procedural nullity, or otherwise be subject to a motion to strike.

7637383.1

Procedural deficiencies aside, Defendants also object to granting Omni until March 5, 2021 to file a Third Amended Complaint because no substantive basis exists to do so.  First, Rule 3.01(a) requires a "statement of the basis for the request" in a motion, but Omni's filing provides none. Omni previously apprised the Court that it intended to replace the Hoyer Law Group with new counsel on February 1, 2021—before the original February 4, 2021, deadline to file any amended complaint.  (Doc. 70, Doc. 72 at 2)  The planned withdrawal of Omni's original counsel was known three weeks ago, and the appearance of replacement counsel now, standing alone, is not a basis to further extend the February 24, 2021 deadline.  Indeed, Local Rule 2.02(c)(4) makes clear that "[a] party that discharges a lawyer must obtain substitute counsel in time to comply with the deadlines."[5]  Further, Omni obtained a *de facto* extension of the original February 4, 2021, deadline by filing a meritless, last-second motion for reconsideration, which the Court noted represented an "inappropriate" attempt to "avoid complying with the Court's deadline." (Doc. 78 at 3 n. 1)  And though the Court extended Omni's deadline to February 24, 2021, even after that inappropriate maneuver, Omni now makes yet another last second request to further extend the deadline without providing the Court with any discernible reason for doing so.

Second, Omni has repeatedly represented to the Court that it will not file a third amended complaint. Omni made that representation on November 11, 2020, when it filed Relator's consent motion for leave to file its seconded amended complaint.  (Doc. 47 at ¶ 5) The Court cited that agreement when granting Omni leave to file the Second Amended Complaint.  (Doc. 49 at 2)  In the Case Management Report, Omni again represented that "[b]y stipulation with Defendants, Plaintiff has agreed to no further amendments beyond that sought in a pending consent motion to

---

[5]     In any event, Omni currently has two sets of counsel, including the Hoyer Law Group, which the Court has not given leave to withdraw.

7637383.1

file a Second Amended Complaint." (Doc. 48 at 2)  And again on February 1, 2021, Omni reiterated that it had "stipulated in November 2020 that it would not amend the Second Amended Complaint." (Doc. 72 at 2)  In light of these prior representations, the absence of any discernible reason for further extending the deadline to do that which Omni previously affirmed it would not do is reason alone to deny the requested extension.

In short, even if the Court were inclined to let Omni's procedurally improper filing stand, the substantive relief requested—providing Omni until March 1, 2021 to file a Third Amended Complaint—should be denied because it is unsupported. Omni provides no cause, let alone *good* cause, to further extend a deadline that this Court has already extended from February 4, 2021 to February 24, 2021.  (Doc. 70, 78)

### Rule 3.01(g) Certification

On February 23, 2021, Health First counsel Marcos E. Hasbun and Robert Rhoad conferred telephonically with Omni counsel Deborah Winegard to advise that Defendants opposed any extension of the February 24, 2021 deadline, and that Omni's filing was procedurally improper and non-compliant with the Local Rules given that any relief sought by Omni must be sought by way of a motion.  Health First requested that Omni withdraw the "Response" and file a motion to which Health First and the individual defendants could respond.  Omni indicated it would not withdraw the "Response."

*/s/ Marcos E. Hasbun*
Marcos E. Hasbun

4

7637383.1

Dated:  February 23, 2021                    Respectfully submitted,

| | |
|---|---|
| /s/ Robert D. W. Landon, III | /s/ Marcos E. Hasbun |
| Robert D. W. Landon, III | Marcos E. Hasbun |
| (Florida Bar No. 961272) | Fla. Bar No. 0145270 |
| Christina Ceballos-Levy | mhasbun@zuckerman.com |
| (Florida Bar No. 0411965) | ZUCKERMAN SPAEDER LLP |
| KENNY NACHWALTER, P.A. | 101 E. Kennedy Blvd. |
| Four Seasons Tower | Suite 1200 |
| 1441 Brickell Avenue, Suite 1100 | Tampa, FL 33602 |
| Miami, FL 33131 | Tel: (813) 221-1010 |
| (305) 373-1000 | Fax: (813) 223-7961 |
| rlandon@knpa.com | |
| ccl@knpa.com | Robert T. Rhoad* |
| | District of Columbia Bar No.456535 |
| | Andy Liu* |
| *Attorneys for Defendants Amit Barochia, M.D.; Germaine Blaine, M.D.; John Bomalaski, M.D.; Ashish Dalal, M.D.; Grainger Steele Lanneau, Jr., M.D.; Firas Muwalla, M.D.; Joseph McClure, M.D.; James Neel, M.D.; Ritesh Patil, M.D.; Lee Scheinbart, M.D.; Richard Sprawls, M.D.; and Simon Vinarsky, M.D.* | District of Columbia Bar No. 454986 |
| | NICHOLS LIU LLP |
| | 700 Sixth St. NW |
| | Suite 430 |
| | Washington, D.C. 20001 |
| | Tel: (202) 846-9800 |
| | Fax: (202) 379-9150 |
| | |
| | *Admitted pro hac vice* |
| | |
| | *Attorneys for Defendants Health First, Inc. and Health First Medical Group, LLC* |
| /s/ James H. Fallace | /s/ Ryan K. Stumphauzer |
| James H. Fallace | Ryan K. Stumphauzer |
| Florida Bar No.: 569909 | Florida Bar No. 0012176 |
| jim@fallacelarkinlaw.com | Jacqueline DerOvanesian |
| Andrew J. Williams | Florida Bar No. 125662 |
| Florida Bar No.: 48817 | STUMPHAUZER   FOSLID   SLOMAN |
| drew@fallacelarkinlaw.com | ROSS & KOLAYA, PLLC |
| FALLACE & LARKIN, L.C. | Two South Biscayne Boulevard |
| 1900 Hickory Street, Suite A | Suite 1600 |
| Melbourne, FL 32901 | Miami, FL  33131 |
| | Telephone:  (305) 614-1400 |
| *Counsel for Defendants, Leonard Grecul, Mark Mendolla, Thomas Swain, Steven Karas, and Enrique Polanco* | Facsimile:   (305) 614-1425 |
| | rstumphauzer@sfslaw.com |
| | jderovanesian@sfslaw.com |
| | |
| | *Attorneys for the Steven Johnson, Joseph* |

7637383.1

| | |
|---|---|
| | *Felkner, Drew Rector, Jeffrey Stalnaker, and Matthew Gerrell* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed this 23rd day of February, 2021,

by CM/ECF which will provide notification to all attorneys of record.

<u>*/s/ Marcos E. Hasbun*</u>
Marcos E. Hasbun

7637383.1