UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF
AMERICA and STATE OF
FLORIDA *ex rel.*
OMNI HEALTHCARE, INC.,

**Plaintiffs-Relator,**

v.                                                                        Case No. 6:19-cv-2237-ORL-37LRH

HEALTH FIRST, INC. and
HEALTH FIRST MEDICAL
GROUP, LLC,

**Defendants.**

_____/

## STATE OF FLORIDA'S BRIEF REGARDING THE STIPULATION BETWEEN RELATOR AND DEFENDANTS

The State of Florida submits this Brief in Response to the Court's April 13, 2021 Order (Doc. 104) requesting its position on the stipulation entered between Relator and Defendants. As discussed below, the Florida False Claims Act does not require the State of Florida's consent to effectuate the stipulation because any resulting dismissal would be without prejudice to the State of Florida. Secondly, the State of Florida does not oppose the stipulation so long as any dismissal is without prejudice to the State of Florida.

Relator filed this action under the Federal False Claims Act, 31 U.S.C. §3729 *et seq.* and the Florida False Claims Act, Fla. Stat. §68.081 *et seq.* The Florida False Claims Act allows relators to bring an action in the name of the State of Florida and to litigate the action if the State declines to intervene. Fla. Stat. § 68.083(6)(b). Both the United States and the State of Florida declined to intervene in this action (Docs. 8 and 9) and Relator elected to proceed with the litigation.

On November 11, 2021, Relator filed a Consent Motion for Leave to File a Second Amended Complaint, which included the following stipulation:

> To induce Defendants to join in this Consent Motion, Relator agrees and stipulates that it:
> (a) will not file a motion requesting leave to file a further amended complaint;
> (b) will not file a further amended complaint; and
> (c) will not file, or seek leave to file, a further amended complaint even in the event the Court grants, in whole or in part, any motion to dismiss the second amended complaint filed by any of the Defendants.
>
> Further, Relator agrees and stipulates that in the event the Court dismisses the second amended complaint, in whole or in part, any such dismissal shall be deemed to be with prejudice. Finally, Relator agrees and stipulates that Defendants reserve and do not waive any rights, privileges, arguments or defenses by virtue of consenting to, and not opposing, Relator's filing of a second amended complaint.
> (Doc. 47 at ¶ 5).

The Florida False Claims Act provides that, when the State has elected not to intervene, the action "may be voluntarily dismissed by the Relator only if the State

of Florida gives written consent to the dismissal and its reasons for such consent." Fla. Stat. § 68.083(2). Accordingly, the express statutory language requires the State's consent only in the event of a voluntary dismissal. The Courts have recognized that the government's consent is only required when a relator seeks to voluntarily dismiss a False Claims Act action. *See, e.g., Jallali v. Nova Southeastern Univ.*, 486 F. App'x. 765, 767 (11th Cir. 2012).[1] The dismissal contemplated by the stipulation is not a voluntary dismissal. Additionally, it is well-settled that the government should not be bound if a dismissal is for reasons not tied to the underlying legal merit. *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 194 (5th Cir. 2018) (*citing United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450 (5th Cir. 2005) (finding it was an abuse of discretion for the district court to dismiss the Government with prejudice based on the relator's dismissal for failing to adequately plead its cause of action)). Further, the Eleventh Circuit has recently reinforced that Courts should be reluctant to imply restrictions beyond the text of the False Claims Act absent clear legislative intent. *See Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1102 (11th Cir. 2020) ("Because the FCA 'explicitly enumerates certain exceptions to a general grant of power, courts should

---

[1] The Florida Legislature patterned the Florida False Claims Act after its federal counterpart and claims under the federal and Florida Acts are analyzed under the same general standards. U.S. v. Space Coast Med. Assocs., L.L.P., 94 F. Supp. 3d 1250, 1252 (M.D. Fla. 2015) (citing U.S. ex rel. Heater v. Holy Cross Hosp., Inc., 510 F. Supp. 2d 1027, 1036 (S.D. Fla. 2007)).

3

be reluctant to imply additional exceptions in the absence of clear legislative intent to the contrary.'" *quoting United States ex rel. Williams v. NEC Corp.*, 931 F.2d 1493, 1502 (11th Cir. 1991) (citation omitted)). Accordingly, based on the express statutory language of the Florida False Claims Act and applicable case law, the State of Florida's consent is not and was not required to effectuate the stipulation.

Secondly, the stipulation does not contain any language that would affect the State's rights in the instant action. The State of Florida previously provided its consent to a voluntary dismissal by the Relator without prejudice to the State of Florida but with prejudice to the Relator, should he so move. (Doc. 9). And, the Florida False Claims Act protects the intervention and other statutory rights of the State after a declination to intervene. Throughout the action, Defendants have moved to dismiss the Second and Third Amended Complaints without prejudice to the United States or the State of Florida. (Doc. 55 at 35; Doc. 97 at 25). Therefore, the State does not oppose the stipulation so long as any dismissal resulting from the stipulation is without prejudice to the State of Florida. Should the Court determine that the government's consent to the stipulation or dismissal is required, the State of Florida does consent to the stipulation and dismissal, provided that dismissal is without prejudice to the State of Florida.

Dated: April 20, 2021

        Respectfully Submitted,

        ASHLEY MOODY
        Attorney General of the State of Florida

By:   */s/ **Theresa Androff***
       THERESA ANDROFF
       Assistant Attorney General
       Florida Bar No: 0111118
       Office of the Attorney General
       Medicaid Fraud Control Unit
       3507 E. Frontage Rd., Suite 325
       Tampa, Florida, 33607
       Tel: (813) 287-7242
       Mobile: (813) 404-4695
       Facsimile: (813) 281-5523
       Theresa.Androff@myfloridalegal.com

       ATTORNEY FOR THE STATE OF FLORIDA

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of April 2021, a true and correct copy of the foregoing has been electronically filed using the CM/ECF system, which will notify all CM/ECF participants of the filing.

                                               ___*/s/ Theresa Androff*___

                                               Theresa Androff
                                               Assistant Attorney General