**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA; STATE OF FLORIDA; and OMNI HEALTHCARE, INC.,

Plaintiffs,

v. Case No. 6:19-cv-2237-RBD-LRH

HEALTH FIRST, INC.; HEALTH FIRST MEDICAL GROUP LLC; STEVEN JOHNSON; JOSEPH FELKNER; DREW RECTOR; LEONARD GRECUL; MARK MENDOLLA; THOMAS SWAIN; STEVEN KARAS; ENRIQUIE POLANCO; JOSEPH MCCLURE; LEE SCHEINBART; SIMON VINARSKY; MATTHEW GERRELL; AMIT BAROCHIA; ROBERT SPRAWLS; ASISH DELAL; JOHN BOMALASKI; GERMAINE BLAINE; FIRAS MUWALA; RITESH PATIL; GRAINGER STEELE LANNEAU; JAMES NEEL; and JEFFREY STALNAKER,

Defendants.

---

**ORDER**

Before the Court are Defendants' motions to dismiss Relator's Third Amended *Qui Tam* Complaint (Doc. 94 ("TAC"). (Docs. 97–100 (collectively, "Motions").) Relator responded. (Doc. 103.) On review, the Motions are granted.

## BACKGROUND

This *qui tam* action had a tumultuous start. Relator sued Defendants on November 25, 2019. (Doc. 1.) The United States and the State of Florida declined to intervene. (Docs. 7, 8.) Relator amended its complaint and Defendants moved to dismiss. (Docs. 11, 42–45.) Instead of responding to Defendants' motions, Relator moved to file a second amended complaint. (Doc. 47.) Defendants consented to Relator's motion to amend—but only on the condition that Relator would not file a further amended complaint. (*See id.*) The Court granted Relator's motion and the Second Amended Complaint was filed. (Docs. 49, 50.)

Defendants then moved to dismiss the Second Amended Complaint. (Docs. 55–58.) This time Relator responded. (Doc. 65.) On review, the Court granted Defendants' motions in part, dismissing the Second Amended Complaint without prejudice, and giving Relator leave to amend. (Doc. 70.) Relator moved for reconsideration of the Court's order, which the Court denied. (Docs. 74, 78.) In these orders, the Court did not consider the parties' agreement that Relator would not file a further amended complaint—neither the issue nor the agreement was before the Court. (*See* Docs. 70, 78.)

Relator then filed its Third Amended *Qui Tam* Complaint. (Doc. 94.) Again, Defendants moved to dismiss—the Motions now before the Court. (Docs. 97–100.) With Relator's response (Doc. 103), the matter is ripe.

## ANALYSIS

Defendants argue that the Court should dismiss the TAC because Relator agreed by written stipulation not to file an amended complaint. (Doc. 97, pp. 27–29.) Defendants Health First, Inc. and Health First Medical Group, LLC attached the stipulation to their motion. (Doc. 97-2 ("Stipulation").) The Court may consider a document attached to a motion to dismiss if the document is central to the plaintiff's claim and its authenticity is not challenged. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Relator explicitly referenced the Stipulation in the TAC, and it does not challenge the authenticity of the Stipulation. (Doc. 94, pp. 3–4; Doc. 103, pp. 35–37.) So the Court considers the Stipulation. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

"A stipulation is any agreement made by attorneys respecting business before the court." *Jester v. Emerson Climate Techs., Inc.*, No. 20-13147, 2021 WL 942781, at *3 (11th Cir. Mar. 12, 2021) (cleaned up). "Parties to stipulations and agreements entered into in the course of judicial proceedings will not be permitted to take positions inconsistent therewith in the absence of fraud, duress, or mistake." *Id.* (cleaned up). So "[c]ourts will normally enforce a stipulation unless enforcement would cause a manifest injustice." *Hill v. Nelson*, 676 F.2d 1371, 1373 n.8 (11th Cir. 1982).

The Stipulation states,

> Defendants agree to join in Relator's Consent Motion for Leave to Amend . . . in exchange for Relator Omni Healthcare, Inc.'s ("Relator") stipulation and agreement with Defendants that Relator:
>
> (a) will not file a motion requesting leave to file a further amended complaint;
> (b) will not file a further amended complaint;
> (c) will not file, or seek leave to file, a further amended complaint even in the event the Court grants, in whole or in part, any motion to dismiss the amended or a second amended complaint filed by any of the Defendants.
>
> Further, Relator stipulates and agrees that in the event the Court dismisses the amended or a second amended complaint, in whole or in part, any such dismissal shall be deemed to be with prejudice.

(Doc. 97-2.) It is signed by Defendants' counsel and Relator's counsel at the time.[1] (*Id.* at 2–3.)

Here, a scenario contemplated by the Stipulation occurred. The Court granted in part Defendants' motions to dismiss the Second Amended Complaint. (Doc. 70.) The Court dismissed the Second Amended Complaint without prejudice. (*Id.*) Per the parties' Stipulation, Relator was not to file a third amended complaint and the dismissal was to be treated by the parties as with prejudice. (Doc. 97-2.) Instead, Relator filed the TAC, in direct contravention of the Stipulation. (*See id.*; *cf.* Doc. 94.) So Defendants contend the Court should dismiss the TAC with prejudice. (Doc. 97, pp. 27–29.)

---

[1] Relator has since changed counsel. (*See* Docs. 87, 89, 95, 96.)

Seeking to get out of this bind, Relator makes three arguments: (1) the Stipulation is not binding on the Court; (2) the Court implicitly rejected Defendants' arguments by giving Relator leave to amend despite the parties' agreement; and (3) because this is a *qui tam* action, the true party in interest is the government. (Doc. 103, pp. 35–37.) The Court addresses each.

First, Relator contends the Stipulation is not binding on the Court. (Doc. 103, pp. 35–36.) Stipulations as to questions of law are not binding on the Court.[2] *See Noel Shows, Inc. v. United States*, 721 F.2d 327, 330 (11th Cir. 1983). But the parties' Stipulation does not address a question a law. (*See* Doc. 97-2.) So it is binding and enforceable unless manifest injustice would result. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1365 (11th Cir. 2006); *G.I.C. Corp., Inc. v. United States*, 121 F.3d 1447, 1450 (11th Cir. 1997). And Relator has not argued, let alone shown, enforcing the Stipulation would result in manifest injustice. (*See* Doc. 103, pp. 35–37.)

Second, Relator argues the Court "implicitly rejected" Defendants' argument to enforce the Stipulation by giving Relator leave to file an amended complaint when it granted Defendants' motions to dismiss in part and extending

[2] All Relator's cited cases address stipulations as to questions of law. (*See* Doc. 103, pp. 35–36 (citing *Noel Shows, Inc. v. United States*, 721 F.2d 327, 330 (11th Cir. 1983); *Prophet v. Great Village Resorts, Ltd.*, No. 10-cv-60152, 2012 WL 13001455, at *1 (S.D. Fla. Nov. 16, 2012); *Gentles-Daughtry v. Daughtry*, No. 16-60035-CIV, 2016 WL 8678027, at *3 (S.D. Fla. Jan. 20, 2016); *Jackson v. Equifax Info. Servs., LLC*, No. 1:13-cv-02382, 2015 WL 12698434, at *1 (N.D. Ga. Feb. 23, 2015)).)

the time to file an amended complaint. (Doc. 103, p. 36.) But the Court never approved nor rejected the parties' Stipulation. While the Stipulation had been referenced in prior filings, the document was not presented to the Court for review until now. (*See* Doc. 97-2; *cf.* Docs. 47 to 47-2, 55–58, 86.) And it is the first time the issue has been ripe because Relator filed the TAC—what the Stipulation prohibits. (*See* Doc. 97-2; *cf.* Doc. 94.) So Relator's argument as to the effect of the Court's previous orders on the Stipulation is not persuasive.

Last, Relator argues the TAC should not be dismissed per the Stipulation because "the true party in interest [is] the government, not the relator." (Doc. 103, p. 36.) The federal False Claims Act and the Florida False Claims Act require the government's written consent before a relator may voluntarily dismiss a *qui tam* complaint. 31 U.S.C. § 3730(b)(1); Fla. Stat. § 68.083(2). So the Court directed the United States and the State of Florida to brief whether their consent was required to give effect to the Stipulation and if so, whether they oppose the Stipulation. (Doc. 104.) Both responded their consent was not required as the Stipulation was not a voluntarily dismissal. (Docs. 105, 106.) And to the extent their consent is required, they do not oppose dismissal per the Stipulation, provided the dismissal is without prejudice to them. (*See id.*) As the Stipulation is not a voluntary dismissal implicating 31 U.S.C. § 3730(b)(1) and Florida Statute § 68.083(2), the Government's written consent for Relator to enter into the Stipulation was not

required.[3] *See Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012).

In the absence of any showing that manifest injustice would result, the Court enforces the Stipulation and dismisses the TAC with prejudice as to Relator. The United States' and the State of Florida's claims are dismissed without prejudice. *See Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1057 (11th Cir. 2015).

**CONCLUSION**

It is **ORDERED AND ADJUDGED:**

1. Defendants Health First, Inc.'s and Health First Medical Group, LLC's Motion to Dismiss (Doc. 97); Cardiologist Defendants' Motion to Dismiss (Doc. 98); Oncologist Defendants' Dispositive Motion to Dismiss (Doc. 99); and Executive Defendants' Motion to Dismiss (Doc. 100) are **GRANTED.**

2. Relator's Third Amended Qui Tam Complaint (Doc. 94) is **DISMISSED WITH PREJUDICE** as to Relator. Plaintiffs United States of America's and State of Florida's claims are **DISMISSED WITHOUT PREJUIDCE**.

3. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

---

[3] This dismissal does not preclude "the government (or another relator) from bringing a False Claims Act action" against Defendants. *See Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1057 (11th Cir. 2015).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 21, 2021.

ROY B. DALTON JR.
United States District Judge